Dustin P. Branch (Cal. Bar No. 174909)
Nahal Zarnighian (Cal. Bar No. 315508)
Sara Shahbazi (Cal. Bar No. 351498)
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400
Facsimile: 424.204.4350
E-mail: branchd@ballardspahr.com
E-mail: zarnighiann@ballardspahr.com
E-mail: shahbazis@ballardspahr.com

and

Laurel Roglen (DE No. 5759)
**BALLARD SPAHR LLP**
919 N. Market Street, 11th Floor
Wilmington, DE 19801
Telephone: 302.252.4465
Facsimile: 302.252.4466
E-mail: roglenl@ballardspahr.com

Attorneys for Landlord Creditor
CRC SOCO, LLC

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re | ) Chapter 7 |
| PIRCH, INC., | ) Case No.: 24-01376-CL7 |
| Debtor(s). | ) **OBJECTION OF CRC SOCO, LLC TO THE TRUSTEE'S EMERGENCY MOTION TO REJECT UNEXPIRED LEASES AND EXPEDITED ABANDONMENT OF CERTAIN PERSONAL PROPERTY** |
| | ) Hearing |
| | ) Date: None required |
| | ) Time: None required |
| | ) Dept: 1 |
| | ) Hon. Chief Judge Christopher B. Latham |

---

1

**OBJECTION TO REJECTION MOTION**

CRC SOCO, LLC ("**Landlord**"), by and through their undersigned counsel, hereby submit this objection (the "**Objection**") to (i) the emergency motion of Leslie T. Gladstone, in her capacity as Chapter 7 Trustee (the "**Trustee**") of the estate of Pirch, Inc. ("**Debtor**") for an order, pursuant to sections 363 and 365 of title 11 of the United States Code (the "**Bankruptcy Code**") authorizing the rejection of certain unexpired nonresidential real property leases identified on the motion and (ii) the expedited abandonment of certain personal property on the leased premises (Docket No. 18) (the "**Motion**"). In Support of this Objection, Landlord respectfully states as follows:

## I.   BACKGROUND FACTS

1. On April 19, 2024, (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of California ("**the Bankruptcy Court**"). The Trustee was subsequently appointed by the U.S. Trustee as the chapter 7 Trustee for the Debtor's estate.

2. The Debtor leases retail space located at 3303 Hyland Avenue, Costa Mesa, California 92626 (the "**Premises**") from the Landlord pursuant to an unexpired lease of nonresidential real property (individually, a "**Lease**").

3. Upon information and belief, the Debtor ceased operating at the Premises on or about March 20, 2024, but remains in possession of the Premises with Debtors property inside, and neither the Debtor nor the Trustee has not surrendered the Premises to the Landlord.

4. The Lease is a lease "of real property in a shopping center" as that term is used in Section 365(b)(3). See In re Joshua Slocum, Ltd., 922 F.2d 1081, 1086-87 (3d Cir. 1990).

5. On April 26, 2024, the Trustee filed the Motion seeking, among other things, entry of an emergency, ex parte order authorizing the Debtor to abate postpetition rent and related charges.

6. Landlord's Lease is not one of the leases sought to be rejected pursuant to the Motion, as the Trustee asserts that she believes the Lease has value and she would like to try to sell the Lease. However, Landlord files this Objection because it is unclear whether the requested abatement of rent for the post-petition portion of April 2024 or for any other post-petition obligations arising

---

**OBJECTION TO REJECTION MOTION**

under the Lease until the Lease is assumed or rejected applies solely to the proposed rejected leases or also to Landlord's Lease.

## II. THE RELIEF REQUESTED IS UNSUPPORTED BY THE BANKRUPTCY CODE

7. To the extent the Trustee requests this Court to excuse Debtor's payment of rent under the Lease, all applicable non-bankruptcy law and Section 365 dictate otherwise. The Trustee does not provide any legal basis for their request, nor do they incorporate any legal authority supporting this Court's ability to provide the relief requested in the Motion. The Trustee's lack of substantive legal argument and authority arises from the fact that there is no basis in law for granting the Motion. Moreover, the Bankruptcy Code mandates that the Trustee timely perform all obligations under the Lease until such time as it is assumed or rejected.

8. As the Trustee does not propose to reject Landlord's respective Lease, Debtor must pay rent at the full contract rate and the Court is without authority to excuse the obligation. Section 365(d)(3) of the Bankruptcy Code provides, in relevant part, that:

> The trustee shall timely perform all obligations of the debtor . . . arising from and after the order for relief under any expired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title.

11 U.S.C. § 365(d)(3).

9. Notwithstanding the clear statutory and case law, the Trustee argues that it is in the best interests of the Debtor's estate to abate postpetition rent and related charges for a short period of time so that the Trustee may sell the inventory and equipment remaining on the premises of the rejected leases and the Lease may be valuable to a purchaser (Gladstone Decl. ¶¶ 12-13). However the Trustee is obligated to pay all of the Debtor's obligations under the Lease at the contract rate until the Lease is rejected, regardless of the value of the Trustee's actual use of the Leased Premises. See, e.g., Pac. Shores Dev., LLC v. At Home Corp. (In re At Home Corp.), 392 F.3d 1064, 1075 (9th Cir. 2004); In re Pac.-Atlantic Trading Co., 27 F.3d at 405; In re CHS Elecs., Inc., 265 B.R. 339, 344 (Bankr. S.D. Fla. 2001) (section 365 "requires a debtor to satisfy all postpetition obligations under an unexpired lease of nonresidential real property until the date

of rejection"); In re Fla. Lifestyle Apparel, Inc., 221 B.R. 897, 900 (Bankr. M.D. Fla. 1997) ("charges continue to accrue up to the date the rejection actually occurs").

10. The Ninth Circuit has similarly held in at least two cases where debtors and trustees attempted to pay less than the full rental amount as stated in applicable leases. In In re Pacific-Atlantic Trading Co., 27 F.3d 401 (9th Cir. 1994), the Ninth Circuit required a trustee to pay the full amount of rent due, based upon the plain language of 365(d)(3) so requiring, even though the trustee was not using the property and was removing all of the debtor's possessions from the property. 27 F.3d at 401-05. The Ninth Circuit reaffirmed that position in In re Cuckierman, 265 F.3d 846 (9th Cir. 2001), where it held rental payments are to be timely paid even if they far exceed fair market value to ensure that landlords continue to receive payment for lease obligations. 265 F.3d at 850-52.

11. Moreover, even if this Court were to approve a *nunc pro tunc* rejection of the Lease, assets of the estate are continuing to be stored with the Trustee's knowledge at the Premises. There is a presumption that the lease rate is the proper measure of value to the estate for post-rejection rent. See Faber v. Wards Co., 825 F.2d 684, 690 (2d Cir. 1987) (with respect to occupancy rates for property post-rejection, "[a]bsent contrary evidence, the prior lease rate is ordinarily presumed to the proper measure of value").

12. Consequently, the Trustee remains liable for all of the defaults post-Petition Date and any and all amounts that become due and owing under the Leases up to and including the effective date of the rejection of the Lease. As such, any order granting the Trustee's Motion should require the Trustee to satisfy all of the estate's obligations under the Lease that become due and owing up to and including the effective date of the rejection of the leases. In addition, any costs arising from any removal, storage, or potential liability for dealing with third-party security interests in the Remaining Property post-rejection should be an administrative expense of the bankruptcy estate calculable at the rate under the Lease.

13. The Trustee asserts that the estate "has no funds to pay administrative rent or related postpetition charges." (Gladstone Dec. ¶ 15). If that is the case, then the Trustee should reject the Lease and surrender the Premises immediately. At the very least, the Landlord should receive

4
**OBJECTION TO REJECTION MOTION**

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915

a chapter 7 administrative expense priority claim for all unpaid post-petition occupancy costs until such time as the Trustee actually surrenders the Premises. There is no basis under the law to provide Landlord with anything less.

## III. CONCLUSION

Because neither the Bankruptcy Code, nor applicable non-bankruptcy law, nor the Lease support the Trustee's request to avoid paying rent, the Motion should be denied as to the Trustee's request for abatement of rent.

Dated: April 30, 2024　　　　　　　　　　**BALLARD SPAHR LLP**

By: */s/ Nahal Zarnighian*
Dustin P. Branch (Cal. Bar No. 174909)
Nahal Zarnighian (Cal. Bar No. 315508)
Sara Shahbazi (Cal. Bar No. 351498)
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400
Facsimile: 424.204.4350
E-mail: branchd@ballardspahr.com
E-mail: zarnighiann@ballardspahr.com
E-mail: shahbazis@ballardspahr.com

and

Laurel Roglen (DE No. 5759)
**BALLARD SPAHR LLP**
919 N. Market Street, 11th Floor
Wilmington, DE 19801
Telephone: 302.252.4465
Facsimile: 302.252.4466
E-mail: roglenl@ballardspahr.com

Attorneys for Landlord Creditor
CRC SOCO, LLC