

Order Entered on
May 7, 2024
by Clerk U.S. Bankruptcy Court
Southern District of California

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In re:

PIRCH, INC.,

Debtor.

BANKRUPTCY NO.   24-01376-CL7
Name of Judge:   Christopher B. Latham

# ORDER ON TRUSTEE'S EMERGENCY MOTION TO REJECT LEASES

IT IS HEREBY ORDERED as set forth on the continuation page(s) attached, numbered two (2) through three (3).

DATED: May 6, 2024

Judge, United States Bankruptcy Court

The court has considered the Chapter 7 Trustee's emergency motion to reject certain nonresidential leases (ECF No. 18), Creditors Redux, LLC and Elizabeth and Mark Ostoich's ("Redux") limited opposition (ECF No. 30), Creditor Glendale II Mall Associates LLC's ("Glendale Mall") opposition and accompanying declaration (ECF Nos. 31 & 33), Creditor CRC Soco, LLC's ("Soco") opposition and accompanying declaration (ECF Nos. 37 & 38), Creditor UTC Venture LLC's ("UTC") joinder in opposition (ECF No. 42), the Trustee's supplemental declaration (ECF No. 46), the Trustee's stipulation with Soco (ECF No. 47), and its own docket. For the following reasons, it will **grant** the Trustee's motion **in part**.

The Trustee seeks to retroactively reject eleven nonresidential property leases to the April 19, 2024 petition date (ECF No. 18). She asserts it is in the creditors' best interest because the administrative rent payments would drain the estate and prevent liquidation for distribution. *Id.* And "[t]he purpose of contract rejection under section 365 is to permit the debtor to receive the economic benefits necessary for reorganization (which includes liquidation under chapter 11) for the ultimate benefit of the estate and its creditors." *In re Am. Suzuki Motor Corp.*, 494 B.R. 466, 477 (Bankr. C.D. Cal. 2013).

Glendale Mall and UTC are the only creditors to oppose the merits of retroactive rejection (ECF Nos. 31 & 42).[1] They oppose because the Trustee asks for continued storage of estate property remaining at the retail premises until May 31, 2024 (ECF Nos. 18, 31 & 42). And she wants continued access to these to remove or sell the estate property until that date. (ECF No. 18).

Creditors assert that rejection is not complete while the Trustee retains access, and the estate continues to benefit from use of the premises (ECF No. 31). They are correct in this. "Rejection of an unexpired lease by the chapter 7 trustee constitutes a breach of the lease, the leased property ceases to be property of the estate, the automatic stay is terminated, and the lessor is entitled to its state law remedies for such breach." *In re Smith*, No 09-64658-Fra7, 2010 WL 3586743, at *3 (Bankr. D. Or. Sept. 13, 2010) (citing 11 U.S.C. §§ 365(g), (p)(1)). And under § 365(d)(4), the trustee surrenders the nonresidential real property upon rejection and abandons any remaining.

But here, by securing court-authorized access and storing estate property on the premises, the Trustee retains the benefit of a property lease without the burden. And the automatic stay will still extend to the estate property – interfering with the various landlords' ability to pursue their state law remedies. So she has not effectively surrendered the property, and this factual reality disregards § 365(d)(4)'s plain language.

Therefore, the court **grants** retroactive rejection as to all leases where the corresponding premises do not contain estate property that the Trustee has not abandoned. As to those leases where estate

---

[1] Redux does not object to the merits of rejection of the leases (ECF No. 30). It brings a premature objection to a supposed sale that is not before the court. And its objection to abandonment is not well taken. So the court **overrules** this objection without prejudice to Redux bringing it in an appropriate motion. In addition, Soco filed a response for clarification purposes and indicates it will be withdrawing its opposition under the joint stipulation (ECF No. 47). Finally, UTC did not notify the court of its intent to oppose the emergency motion as Local Bankruptcy Rule 9013-9(h) requires. Although its opposition is procedurally untimely, the court considers it as addressed in this order.

property remains on the premises, however, rejection will not be deemed effective until surrender is complete. And the Trustee must perform her post-petition obligations and pay administrative rent as to those property leases so long as she retains access and estate property remains on the property.[2]

IT IS SO ORDERED.

---

[2] Nothing in this order seeks to alter any already existing termination agreements the Trustee has negotiated with landlords.