CSD 1160 [03/01/15]

Name, Address, Telephone No. & I.D. No.

Robert P. Goe, SBN 137019
Dixon Gardner, SBN 213119
Goe Forsythe & Hodges LLP
17701 Cowan, Building D, Suite 210
Irvine, CA 92614
rgoe@goeforlaw.com / dgardner@goeforelaw.com
(949) 798-2460

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re
PIRCH, Inc.
                                                                Debtor.

BANKRUPTCY NO. 24-1376-CL7

Robert P. Goe and Erika Goe
                                                          Moving Party.

RS NO. GFH-1

PIRCH, Inc. and
Leslie T. Gladstone, Chapter 7 Trustee
                                                         Respondent(s)

**MOTION FOR RELIEF FROM AUTOMATIC STAY**
☐ REAL PROPERTY     ☒ PERSONAL PROPERTY

Movant in the above-captioned matter moves this Court for an Order granting relief from the automatic stay on the grounds set forth below.

1. A Petition under Chapter  ☒ 7   ☐ 11   ☐ 12   ☐ 13  was filed on <u>4/19/2024</u>.

2. Procedural Status:
   a. ☒ Name of Trustee Appointed *(if any)*: <u>Leslie T. Gladstone</u>
   b. ☒ Name of Attorney of Record for Trustee *(if any)*: <u>Christin A. Batt</u>
   c. ☐ *(Optional)* Prior Filing Information:
      Debtor has previously filed a Bankruptcy Petition on: _____ .
      If applicable, the prior case was dismissed on: _____ .
   d. ☐ *(If Chapter 13 case)*: Chapter 13 Plan was confirmed on _____
      or a confirmation hearing is set for _____ .

Movant alleges the following in support of its Motion:

1. ☐ The following real property is the subject of this Motion:
   a. Street address of the property including county and state:



   b. Type of real property (e.g., single family residence, apartment building, commercial, industrial, condominium, unimproved):



   c. Legal description of property is attached as Exhibit A.

CSD 1160

CSD 1160 (Page 2) [03/01/15]

      d.      If a chapter 11 or 13 case and if non-payment of any post-petition payment is a ground for relief, attach the accounting required by Local Bankruptcy Rule 4001-2(a) as Exhibit B.

      e.      *Fair market value of property as set forth in the Debtor's schedules: $

      f.      *Nature of Debtor's interest in the property:

2.      ☒ The following personal property is the subject of this Motion *(describe property)*:
      See Attachment Exhibit 0

      a.      Fair market value of property as set forth in the Debtor's schedules: $ <u>not listed by Debtor</u> .

      b.      Nature of Debtor's interest in the property: Owner. Debtor did not list an individual itemized value for Movants' property. Debtor did not list this property's value in Debtor's schedules. Debtor may have listed Movants' property as part of the $31.8 million of inventory.

3.      *Fair market value of property according to Movant: $ <u>20,778</u> .

4.      *Nature of Movant's interest in the property: Owner of the property. Owner purchased the property for $20,778 on October 28, 2024 as part of Owner's purchase and payment of $40,510.31 for property (including property not subject to this Motion) from Debtor. The Movants are unaware of any encumbrances on Owner's property. Movants became owners of the personal property (i.e. Appliances at issue when Debtor identified by serial number the Movants' Wolf Gas Range and Subzero Freezer in a picking ticket on March 20, 2024. Trustee's auctioneer is itemizing all personal property and can easily identify Movant's large Wolf Gas Range and Subzero Freezer which Movants has the serial numbers and Trustee can transferto Movants and allow Movants to pick up the appliances.

*Separately filed Declaration required by Local Bankruptcy Rule 4001-2(a).
CSD 1160

CSD 1160 (Page 3) [03/01/15]

5. *Status of Movant's loan:
   a. Balance owing on date of Order for Relief: $ _____
   b. Amount of monthly payment: $ _____
   c. Date of last payment: _____
   d. If real property,
      i. Date of default: _____
      ii. Notice of Default recorded on: _____
      iii. Notice of Sale published on: _____
      iv. Foreclosure sale currently scheduled for: _____
   e. If personal property,
      i. Pre-petition default: $ ____   No. of months: ____
      ii. Post-petition default: $ ____   No. of months: ____

6. *(If Chapter 13 Case, state the following:)*
   a. Date of post-petition default: _____
   b. Amount of post-petition default: $ _____

7. Encumbrances:
   a. Voluntary encumbrances on the property listed in the Schedules or otherwise known to Movant:

| Lender Name | Principal Balance | (IF KNOWN) Pre-Petition Arrearages Total Amount - # of Months | Post-Petition Arrearages Total Amount - # of Months |
|---|---|---|---|
| 1st: | | | |
| 2nd: | | | |
| 3rd: | | | |
| 4th: | | | |
| Totals for all Liens: | $ | $ | $ |

   b. Involuntary encumbrances of record (e.g., tax, mechanic's, judgment and other liens, lis pendens) as listed in schedules or otherwise known to Movant:
      ☐ See attached page, if necessary.

*Separately filed Declaration required by Local Bankruptcy Rule 4001-2(a).
CSD 1160

8. Relief from the automatic stay should be granted because:

    a. ☒ Movant's interest in the property described above is not adequately protected.

    b. ☒ Debtor has no equity in the ☐ real property ☒ personal property described above and this property is not necessary to an effective reorganization.

    c. ☐ The property is "single asset real estate", as defined in 11 U.S.C. § 101(51B), and 90 days (or _____ days as ordered by this court) have passed since entry of the order for relief in this case, and

        i. the Debtor/Trustee has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; and

        ii. the Debtor/Trustee has

            (1) ☐ not commenced monthly payments to each creditor whose claim is secured by the property (other than a claim secured by a judgment lien or by an unmatured statutory lien), or

            (2) ☐ commenced payments, but such payments are less than an amount equal to interest at a current fair market rate on the value of each creditors' interest in the property.

    d. ☒ *Other cause exists as follows *(specify)*: ☐ See attached page.
Movants own the property at issue that Debtor/Trustee is in possession of.
Movants request Debtor/Trustee to surrender possession of the Movants property and allow Movants to pick them up.  See Memorandum of Points and Authorities in Support of this Motion.

When required, Movant has filed separate Declarations pursuant to Local Bankruptcy Rule 4001-2(a).

Movant attaches the following:

1. ☐ Other relevant evidence:

2. ☒ *(Optional)* Memorandum of points and authorities upon which the moving party will rely.
Movants want Debtor to surrender possession of the Movants property.

WHEREFORE, Movant prays that this Court issue an Order granting the following:

    ☒ Relief as requested.

    ☐ Other:

Dated:  May 22, 2024

                                                /s/ Robert P. Goe
                                                [Attorney for] Movant

*Separately filed Declaration required by Local Bankruptcy Rule 4001-2(a).
CSD 1160