Robert P. Goe – State Bar No. 137019
Dixon Gardner – State Bar No. 213119
**GOE FORSYTHE & HODGES LLP**
17701 Cowan, Suite 210
Irvine, CA 92614
Telephone: (949) 798-2460
Facsimile: (949) 955-9437

Attorneys for Movants Robert P. Goe
and Erika Goe

# UNITED STATES BANKRUPTCY COURT

## Southern District of California

| | |
|---|---|
| In re<br><br>PIRCH, Inc.<br><br>Debtor. | Case No. 24-1376-CL7<br><br>Chapter 7<br><br>RS No.: GFH-1 |
| Robert P. Goe, an individual, and Erika Goe, an individual,<br><br>Movants,<br><br>vs.<br><br>PIRCH, Inc., a California corporation, and LESLIE T. GLADSTONE, Chapter 7 Trustee<br><br>Respondents. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM STAY** |

The Movants, Robert P. Goe and Erika Goe, submit their Memorandum of Points and Authorities in Support of their Motion for Relief from Stay.

**I.   Legal Argument**

    **A.   Debtor Has No Interest In The Appliances Because Debtor Identified Them With Serial Numbers To Transfer Title To The Appliances To Movants Under California Law**

Under *Butner v. United States*, 440 U.S. 48, 55 (1979), property of a bankruptcy estate is determined under the applicable state law to a bankruptcy case. The applicable state law to this Bankruptcy Case is the law of California. *Id.*

1

1 California Uniform Commercial Code ("UCC") § 2401(1) states "Title to goods cannot pass under a contract for sale prior to their identification to the contract (Section 2501) . . . ." Under UCC § 2501, "In the absence of explicit agreement identification occurs:

(a) When the contract is made if it is for the sale of goods already existing and identified; [or]

(b) If the contract is for the sale of future goods . . ., when goods are shipped, marked or otherwise designated by the seller as goods to which the contract refers . . . ." The purpose of this identification requirement is to determine the point in time when the buyer has an insurable interest in the goods or a special property interest that has relevance in a variety of contexts, such as when the goods are lost or the seller becomes insolvent prior to delivery. *California State Electronics Assn. v. Zeos Internat. Ltd.* (2nd Dist., 1996) 41 Cal. App. 4th 1270 (title to computer passed from seller to buyer once the seller identified the computer to sell to buyer); *Aerospace Corp. v. State Bd. of Equalization* (2nd Dist., 1990), 218 Cal. App. 3d 1300 (title to personal property passes when the property is identified by seller to buyer).

 As set forth in the Declaration of Robert P. Goe ("Goe Decl.') in Support of Motion for Relief from Stay at Paragraphs 2 through 14, the Debtor identified the Appliances (defined in Goe Decl.) to the Contract (defined in Goe Decl.) on March 20, 2024 with serial numbers in the Picking Picket, which is Exhibit 5 to the Goe Decl. This Picking Ticket identified the Wolf gas range burner with Serial Numbers STAGING – 18799391, STAGING-18802807, RECEIVING-18806507, RECEIVING-18806925 and as being located at the Warehouse (defined in the Goe Decl.) for Location Code 0003. The Picking Ticket identified the Sub-Zero freezer with Serial Number STAGING-24475911 at the same location. See Exhibit 5 of the Goe Decl. Thus, title to the Appliances passed from the Debtor as seller to the Movants as buyers under UCC §§ 2401 and 2501. The Movants are the owners of the Appliances and, they are not property of the Debtor's bankruptcy estate.

 A Chapter 7 trustee bears the burden of proving that property at issue is property of the bankruptcy estate under 11 U.S.C. § 541. *Wolfe v. Jacobson (In re Jacobson)*, 676 F.3d 1193, 1200-01 (9th Cir. 2012) (citing 5 Collier On Bankruptcy ¶ 542.02 (16th ed. 2011)), which Trustee

cannot establish as Movants Appliances are specifically identified owned and paid for in full by Movants.

Dated: May 22, 2024

Respectfully submitted by

GOE FORSYTHE & HODGES LLP

By: /s/Robert P. Goe
    Robert P. Goe
    Dixon L. Gardner
    Attorneys for Movants, Robert P. Goe
    and Erika Goe