ANTHONY J. NAPOLITANO (SBN: 227691)
  anapolitano@buchalter.com
BUCHALTER, a Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, California 90017-1730
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

DENISE FIELD (SBN: 227691)
  dfield@buchalter.com
BUCHALTER, a Professional Corporation
425 Market Streeet, Suite 2900
San Francisco, California 94105
Telephone: (415) 227-0900
Facsimile: (415) 227-0770

Attorneys for secured creditor
SUB-ZERO GROUP, INC.

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>PIRCH, INC.,<br><br>         Debtor. | Case No. 24-01376-CL7<br><br>Chapter 7<br><br>**NOTICE OF NON-CONSENT TO USE OF CASH COLLATERAL BY SECURED CREDITOR SUB ZERO GROUP, INC.**<br><br>[Concurrently filed with Opposition to Trustee's Motion to Sell Personal Property Free and Clear and supporting Declaration of Mark Zavras]<br><br>**Hearing on Related Sale Motion:**<br>Date:      June 28, 2024<br>Time:     10:30 a.m. PDT<br>Place:    U.S. Bankruptcy Court<br>             Department 1<br>             325 West F Street<br>             San Diego, California 92101<br>Judge:   Hon. Christopher B. Latham |

TO THE HONORABLE CHRISTOPHER B. LATHAM, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, THE CHAPTER 7 TRUSTEE, HER COUNSEL AND ALL PARTIES IN INTEREST:

Sub-Zero Group, Inc., a Wisconsin corporation, as successor by merger to Sub-Zero Group West, Inc., a California corporation, doing business as Sub-Zero Group West ("Sub-Zero"), secured creditor of Pirch, Inc., the debtor in the above-captioned chapter 7 bankruptcy case (the "Debtor"), respectfully submits this *Notice of Non-Consent to Use of Cash Collateral* in connection with (i) its concurrently filed opposition [Docket No. 181] (the "Opposition") to the *Trustee's Motion to (1) Approve Auction Procedures; and (2) Sell Personal Property Pursuant to 11 U.S.C. § 363, Free and Clear of Liens, Claims, and Interests* [Docket No. 90] (the "Sale Motion") and (ii) its forthcoming opposition to the *Trustee's Motion to (1) Approve Auction Procedures; and (2) Sell Leasehold Interests and Related Personal Property Pursuant to 11 U.S.C. § 363, Free and Clear of Liens, Claims, and Interests* [Docket No. 128] (the "Lease Motion") both filed by Leslie T. Gladstone, the chapter 7 trustee appointed in Pirch's bankruptcy case (the "Trustee").

Sub-Zero manufactures and sells high-end consumer appliances, which consist of ranges, ovens, grills, dishwashers, built-in refrigerators and wine refrigerators, among other appliances, under its three brands: Sub-Zero, Wolf and Cove. *See Declaration of Mark Zavros in support of Sub-Zero's Opposition to the Sale Motion* [Docket No. 182] (the "Zavras Decl.") concurrently filed, ¶ 6. At the time it ceased doing business as a retailer, Pirch sold high-end kitchen appliances, including Sub-Zero's product, at six retail showrooms in La Jolla, Rancho Mirage, Mission Viejo, Costa Mesa, Glendale, and Solana Beach, California. Zavras Decl., ¶ 7. Sub-Zero provided display units to these retail showrooms in order to market and exhibit their high end products. *Id.*

On January 29, 2019, Sub-Zero and Pirch entered into a written *Credit Application and Agreement* (the "Credit Agreement"), under which Sub-Zero agreed to sell its inventory to Pirch on credit and Pirch agreed to make payments as required therein. Zavros Decl., ¶ 9 and Exh. 1. To secure the prompt performance and payment in full of Pirch's obligations to Sub-Zero arising under the Credit Agreement (the "Obligations"), Pirch and Sub-Zero entered into a *Purchase*

*Money Security Interest Agreement* dated January 29, 2019 (the "Security Agreement"). Zavras Decl., ¶ 10 and Exh. 2. Under the Security Agreement, Pirch granted Sub-Zero a purchase money security interest in all of Pirch's right, title and interest in and to the collateral as defined in the Security Agreement. *Id.* The Security Agreement defined "collateral" as:

> (a) all Inventory purchased by Debtor from Secured Party on or after the date hereof consisting of Sub-Zero Wolf, Cove, and Asko; (b) all accounts, accounts receivable, payment intangibles, general intangibles, documents, instruments and chattel paper related thereto, (c) all accessions thereto, (d) all substitutions, replacements or modifications thereof, and (e) all proceeds (including cash proceeds and insurance proceeds) and products thereof, whether now owned or existing or at any time hereafter arising or acquired.

(collectively, the "Inventory Collateral"). Zavras Decl., Exh. 2 at p. 16 of 130.

On February 21, 2019, Sub-Zero perfected its security interest in the Inventory Collateral by filing a UCC-1 Financing Statement designated as Document No. 19-7698422533 with the California Secretary of State's Office. Zavras Decl., ¶ 11 and Exh. 3. On December 28, 2023, Sub-Zero filed another UCC-3 Financing Statement Amendment designated as Document No. 23-009105622 noting a change affecting the name and address of Pirch. Zavras Decl., ¶ 12 and Exh. 4. Finally, on December 29, 2023, Sub-Zero filed its UCC-3 Continuation Statement designated as Document No. 23-0091349534 thereby continuing its security interest in the Inventory Collateral under the initial 2019 UCC-1 Financing Statement. Zavras Decl., ¶ 13 and Exh. 5.

In addition to the Inventory Collateral held by Pirch, Sub-Zero either owns outright most of the Sub-Zero display units located in each of Pirch's retail showrooms (the "Display Units") or, at least, holds a security interest in those Display Units. On January 29, 2019, Pirch and Sub-Zero entered into a *Display Unit Bailment and Resale Agreement* (the "Display Unit Agreement") in which Sub-Zero provided to Pirch to display at its showrooms various Sub-Zero kitchen appliances. Zavras Decl., ¶ 14 and Exh. 6. Under Section 1(b) of the Display Unit Agreement, the "Display Units" (as defined in the Display Unit Agreement), "will remain the sole and exclusive property of Sub-Zero, and Sub-Zero will hold all right, title and interest therein and

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 83012190v2

3

NOTICE OF NON-CONSENT TO USE OF CASH COLLATERAL BY SECURED CREDITOR SUB-ZERO GROUP WEST, INC.

thereto, unless ownership of such Display Unit is transferred pursuant to Section 2 or 7(c) of this Agreement." Zavras Decl., Exh. 6, ¶ 1(b) at p. 31 of 130.

The Debtor has not complied with the purchase requirements set forth in Section 2 of the Display Unit Agreement for a substantial number of the Display Units. Zavras Decl., ¶ 15. Also, the Display Unit Agreement provides Sub-Zero with a "continuing security interest in all Appliance Dealer's deposit accounts and all property of Appliance Dealer now or hereafter in the possession of Sub-Zero (including goods purchased from Sub-Zero but not delivered, whether or not paid for by Appliance dealer), together with all Appliance Dealer's Sub-Zero, Wolf and Best inventory." Zavras Decl., Exh. 6, ¶ 4(a) at p. 33 of 130. The Display Unit Agreement authorized Sub-Zero to file a UCC-1 financing statement for the Display Units. Zavras Decl., Exh. 6, ¶ 1(b) at p. 31.

On February 21, 2019, Sub-Zero perfected its security interest in the Display Units by filing a UCC-1 Financing Statement designated as Document No. 19-197698418578 with the California Secretary of State's Office. Zavras Decl., ¶ 16 and Exh. 7. On December 21, 2023, Sub-Zero filed a UCC-1 Financing Statement designated as Document No. 230089736229 noting a change affecting the name and address of Pirch. Zavras Decl., ¶ 17 and Exh. 8. On December 22, 2023, Sub-Zero filed a UCC-1 Continuation Statement designated as Document No. 230089945232 thereby continuing its security interest in the Display Units under the initial 2019 UCC-1 Financing Statement. Zavras Decl., ¶ 18 and Exh. 9.

**PLEASE TAKE NOTICE THAT** cash collateral is defined in section 363(a) of Bankruptcy Code as "cash . . . or cash equivalents . . . whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds . . . of property subject to a security interest as provided in section 552(b) . . . ." 11 U.S.C. § 363(a). Under the foregoing credit agreements, all proceeds from the Inventory Collateral and Display Units, collected pre-petition (the "Pre-Petition Proceeds") constitute Sub-Zero's cash collateral under section 363(a) of the Bankruptcy Code. Under section 363(c)(4) of the Bankruptcy Code, Sub-Zero requests that Pirch and the Trustee, as applicable, segregate and account to Sub-Zero for the cash collateral in their possession, custody or control.

**PLEASE TAKE FURTHER NOTICE THAT**, if the Trustee obtains authorization to sell Sub-Zero's Inventory Collateral and Display Units in connection with the Sale Motion and the Lease Motion over the opposition of Sub-Zero or other interested parties, those proceeds collected post-petition (the "Post-Petition Proceeds" and together with the Pre-Petition Proceeds, the "Proceeds") shall constitute Sub-Zero's cash collateral under section 363(a) of the Bankruptcy Code. Under section 363(c)(2) of the Bankruptcy Code, Pirch and the Trustee are prohibited from using any of the Inventory Collateral, Display Units or Proceeds without Sub-Zero's consent or an order of this Court authorizing such use.

**PLEASE TAKE FINAL NOTICE THAT** under section 363(c)(2) of the Bankruptcy Code, Pirch and the Trustee are prohibited from using any of the Inventory Collateral, Display Units or Proceeds without Sub-Zero's consent (which Sub-Zero has not given) or an order of this Court authorizing such use. Since Sub-Zero does not consent to Pirch's or the Trustee's use of its cash collateral, section 363(e) of Bankruptcy Code provides that in such circumstance, Pirch or the Trustee can use such cash collateral only if they can provide "adequate protection" of Sub-Zero's interest in the cash collateral. *See* 11 U.S.C. § 363(c). "Adequate protection" is intended to safeguard Sub-Zero's constitutional right to have the value of its secured claim, as it existed on the petition date, preserved. *See United Sav. Ass'n v. Timbers of Inwood Forest Assocs.*, 484 U.S. 365, 370 (1988). If adequate protection cannot be provided, use of the cash collateral must be prohibited absent consent. Sub-Zero reserves all of its rights and remedies available under the foregoing credit agreements and under applicable law.

Dated: June 7, 2024                                  BUCHALTER, A Professional Corporation

By: */s/ Anthony J. Napolitano*
ANTHONY J. NAPOLITANO
Attorneys for Secured Creditor
SUB-ZERO GROUP, INC.