ANTHONY J. NAPOLITANO (SBN: 227691)
 anapolitano@buchalter.com
BUCHALTER, a Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, California 90017-1730
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

DENISE FIELD (SBN: 111532)
 dfield@buchalter.com
BUCHALTER, a Professional Corporation
425 Market Streeet, Suite 2900
San Francisco, California 94105
Telephone: (415) 227-0900
Facsimile: (415) 227-0770

Attorneys for secured creditor
SUB-ZERO GROUP, INC

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>PIRCH, INC.,<br><br>        Debtor. | Case No. 24-01376-CL7<br><br>Chapter 7<br><br>**APPENDIX OF UNPUBLISHED AUTHORITY IN SUPPORT OF SUB-ZERO GROUP WEST'S OPPOSITION TO THE CHAPTER 7 TRUSTEE'S MOTION TO (1) APPROVE AUCTION PROCEDURES; AND (2) SELL LEASEHOLD INTERESTS AND RELATED PERSONAL PROPERTY PURSUANT TO 11 U.S.C. SECTION 363, FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS**<br><br>**Hearing:**<br>Date:       July 1, 2024<br>Time:       10:30 a.m. PDT<br>Place:      U.S. Bankruptcy Court<br>            Department 1<br>            325 West F Street<br>            San Diego, California 92101<br>Judge:      Hon. Christopher B. Latham |

**TO THE HONORABLE CHRISTOPHER B. LATHAM, U.S. BANKRUPTCY JUDGE, THE DEBTOR, THE CHAPTER 7 TRUSTEE, HER COUNSEL AND ALL INTERESTED PARTIES:**

Sub-Zero Group, Inc., a Wisconsin corporation, as successor by merger to Sub-Zero Group West, Inc., a California corporation, doing business as Sub-Zero Group West respectfully submits this *Appendix of Unpublished Authority* for the convenience of the Court in support of *Sub-Zero Group West's Opposition to the Chapter 7 Trustee's Motion to (1) Approve Auction Procedures; and (2) Sell Leasehold Interests and Related Personal Property Pursuant To 11 U.S.C. Section 363, Free and Clear of Liens, Claims, and Interests* concurrently filed in the above-captioned bankruptcy.

1. *In re Ricco, Inc.*, 2014 Bankr. LEXIS 1265 (Bankr. N.D.W. Va. Apr. 1, 2014), a true and complete copy of which was obtained from Lexis+ is attached hereto as **Exhibit 1**.

Dated: June 17, 2024

BUCHALTER, a Professional Corporation

By: _____/s/ Anthony J. Napolitano_____
ANTHONY J. NAPOLITANO

Attorneys for SUB-ZERO GROUP, INC.

# EXHIBIT 1



**Date and Time:** Friday, June 7, 2024 1:18:00PM PDT
**Job Number:** 226157926

## Document (1)

1. *In re Ricco, Inc., 2014 Bankr. LEXIS 1265*
   **Client/Matter:** 000000000
   **Search Terms:** 2014 Bankr. LEXIS 1265
   **Search Type:**

 Positive
As of: June 7, 2024 8:18 PM Z

# In re Ricco, Inc.

United States Bankruptcy Court for the Northern District of West Virginia

April 1, 2014, Decided

Case No. 10-23, Chapter 11

**Reporter**
2014 Bankr. LEXIS 1265 *; 71 Collier Bankr. Cas. 2d (MB) 1337; 2014 WL 1329292

IN RE: RICCO, INC., Debtor.

## Core Terms

free and clear, minerals, liens, acres, proposed sale, satisfaction, equitable proceeding, cramdown, auction, holder, proponent, approve

## Case Summary

### Overview

HOLDINGS: [1]-A trustee who was appointed to administer a corporate debtor's Chapter 11 bankruptcy estate was allowed under 11 U.S.C.S. § 363(f)(5) to sell the debtor's interest in 466 acres of minerals located in Mineral County, West Virginia, free and clear of a lien the State of West Virginia held on the debtor's interest for unpaid taxes, because the power the trustee possessed under *11 U.S.C.S. § 1129(b)(2)(A)* to cram down the State's lien was a "legal or equitable proceeding" under § 363(f)(5) and the West Virginia Auditor could be forced under *§ 1129(b)(2)(A)* to accept less than the full amount the debtor owed.

### Outcome

The court stated that it would enter a separate order which overruled the West Virginia Auditor's objection to the trustee's motion to sell the debtor's interest free and clear of liens under § 363(f)(5), and granted the trustee's motion.

## LexisNexis® Headnotes

Bankruptcy Law > Administrative Powers > Estate Property Lease, Sale & Use > General Overview

Bankruptcy Law > Administrative Powers > Estate Property Lease, Sale & Use > Sales Free of Interest
Business & Corporate Compliance > ... > Administrative Powers > Estate Property Lease, Sale & Use > Sales Free of Interest

**HN1**[ ] **Administrative Powers, Estate Property Lease, Sale & Use**

Generally, a determination whether a trustee should be permitted to sell property of a bankruptcy estate under 11 U.S.C.S. § 363(b) is separate and apart from a determination whether such a proposed sale can be free and clear of liens under § 363(f)(5).

Bankruptcy Law > Administrative Powers > Estate Property Lease, Sale & Use > Sales Free of Interest
Business & Corporate Compliance > ... > Administrative Powers > Estate Property Lease, Sale & Use > Sales Free of Interest

**HN2**[ ] **Estate Property Lease, Sale & Use, Sales Free of Interest**

A trustee may sell property of a bankruptcy estate free and clear of liens and interests in certain circumstances. *11 U.S.C.S. § 363(f)*. *Section 363(f)(5)* permits a trustee to sell property free and clear of liens and interests if the lien or interest holder could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest. Some courts permit a proposed sale to be free and clear of liens and interests under § 363(f)(5) only if the lien or interest holder will be paid in full. Other courts—perhaps a majority—permit a sale under § 363(f)(5) if a legal or equitable proceeding exists, or could be brought, to compel the holder of a lien or interest secured by the property to be sold to accept less than full payment of the debt secured by that lien or interest.

Bankruptcy Law > Administrative Powers > Estate Property Lease, Sale & Use > Sales Free of Interest
Business & Corporate Compliance > ... > Administrative Powers > Estate Property Lease, Sale & Use > Sales Free of Interest

HN3[⬇] **Estate Property Lease, Sale & Use, Sales Free of Interest**

11 U.S.C.S. § 363(f)(5) authorizes a sale free and clear of liens and interests when the lien or interest holder could be compelled to accept less than the value of the claim secured by the claim or interest. The United States Bankruptcy Court for the Northern District of West Virginia is unpersuaded by arguments to the contrary partly because the United States District Court for the Eastern District of North Carolina recognized in Richardson v. Pitt County (In re Stroud Wholesale, Inc.) that, in certain circumstances, equitable considerations may dictate that creditors receive less than full satisfaction of their interests. Additionally, interpreting § 363(f)(5) to permit the sale of property free and clear of liens and interests for a price insufficient to pay in full the amount secured by such lien or interest gives effect to each paragraph of § 363(f).

Bankruptcy Law > Administrative Powers > Estate Property Lease, Sale & Use > Sales Free of Interest
Business & Corporate Compliance > ... > Administrative Powers > Estate Property Lease, Sale & Use > Sales Free of Interest

HN4[⬇] **Estate Property Lease, Sale & Use, Sales Free of Interest**

The United States Bankruptcy Court for the Northern District of West Virginia does not share the concern about adopting an interpretation of 11 U.S.C.S. § 363(f)(5) which would allow property of a bankruptcy estate to be sold free and clear of all liens whenever lienholders could be compelled to accept monetary compensation, however slight, for their liens which the United States District Court for the Eastern District of North Carolina expressed in Richardson v. Pitt County (In re Stroud Wholesale, Inc.), because a trustee can only sell property pursuant to § 363(f)(5) if the trustee can demonstrate the existence of another legal mechanism by which a lien could be extinguished without full satisfaction of the secured debt. The Bankruptcy Court for the Northern District of West Virginia finds that the only logical interpretation of § 363(f)(5) is that the statute requires that a trustee or debtor be the party able to compel monetary satisfaction for the interest which is the subject of the sale. In effect, this view leads to a relatively small role for § 363(f)(5).

Bankruptcy Law > Administrative Powers > Estate Property Lease, Sale & Use > Sales Free of Interest
Business & Corporate Compliance > ... > Administrative Powers > Estate Property Lease, Sale & Use > Sales Free of Interest

Evidence > Burdens of Proof > Allocation

HN5[⬇] **Estate Property Lease, Sale & Use, Sales Free of Interest**

11 U.S.C.S. § 363(f)(5) remains one of five different justifications for selling property free and clear of interests, and its scope need not be expansive; so long as its breadth complements the other four paragraphs of § 363(f), a narrow view of § 363(f)(5) is justified. Pursuant to § 363(f)(5), the "legal or equitable proceeding" offered by a sale proponent should be one that is specifically identified, that actually could be brought by a debtor or trustee against the holder of the interest from which the sale seeks to be free, and that plausibly can provide the postulated relief. In that regard, the burden is on the sale proponent to demonstrate that one of the provisions of § 363(f)(1)-(5) is applicable to each lien or interest from which the sale is to be free and clear. Consequently, a sale proponent must identify in its motion a legal or equitable proceeding that satisfies the standard articulated above. And an objecting party must specifically identify an impediment to the proposed relief—some way in which the sale proponent could not achieve its desired goal through the "legal or equitable proceeding" proposed. In the event that an objecting party identifies such an impediment, the sale proponent has the ultimate burden, which may involve factual determinations as well as legal standards to be applied by the court.

Bankruptcy Law > Administrative Powers > Estate Property Lease, Sale & Use > Sales Free of Interest
Business & Corporate Compliance > ... > Administrative Powers > Estate Property Lease, Sale & Use > Sales Free of Interest

HN6[↓] **Estate Property Lease, Sale & Use, Sales Free of Interest**

The term "interest" under *11 U.S.C.S. § 363(f)(5)* includes a lien.

Tax Law > State & Local Taxes > Administration & Procedure > Collection of Taxes

Tax Law > State & Local Taxes > Administration & Procedure > Tax Liens

HN7[↓] **Administration & Procedure, Collection of Taxes**

It is clear that the West Virginia Code provides that there shall be a lien on all real property for the taxes assessed thereon. *W. Va. Code § 11A-1-2*. And it is also clear that a sheriff, as ex officio county treasurer, shall collect all taxes levied in his county. *W. Va. Code § 11A-1-4*. But all taxes collected for the State shall be paid into the State treasury by the sheriff. *W. Va. Code § 11A-1-14*. Moreover, if nobody present at a sheriff's sale of a tax lien bids the amount of taxes, interest, and charges due on the subject real property, the sheriff shall certify the real estate to the West Virginia Auditor for disposition pursuant to *W. Va. Code § 11A-3-44*. Thus, it is unclear whether the sheriffs of West Virginia simply act as tax collectors or if they are the entities to whom taxes are actually due.

**Counsel:** [*1] Ricco, Inc., aka Amico Partners, aka Ambizioso Partners, aka Lupo Tana Partners, aka Tre Manichinos Partners, Debtor, Pro se.

For Robert L. Johns, Trustee: Robert L. Johns, Turner & Johns, PLLC, Charleston, WV; Wendell B. Turner, Turner and Johns, Charleston, WV.

For United States Trustee, U.S. Trustee: David Lawrence Bissett, U.S. Trustee's Office, Charleston, WV.

For Walt Ward Jr., Cred. Comm. Chair: David M. Thomas, Dinsmore and Shohl LLP, Morgantown, WV.

For Daniel Kelley, James F. Bruckey, Mary L. Bruckey, William Lucas, Marcia Lucas, Robert Baker, Brian Sowers, Creditor Committees: David M. Thomas, Dinsmore and Shohl LLP, Morgantown, WV.

For Unsecured Creditors Committee, Creditor Committee: Michael R. Proctor, David M. Thomas, Dinsmore and Shohl LLP, Morgantown, WV.

**Judges:** Patrick M. Flatley, United States Bankruptcy Judge.

**Opinion by:** Patrick M. Flatley

## Opinion

**MEMORANDUM OPINION**

Robert L. Johns, the Chapter 11 trustee ("Trustee") appointed to administer the Debtor's Chapter 11 estate ("Estate"), seeks approval of the sale of certain real property of the Debtor free and clear of liens under *11 U.S.C. § 363(f)(5)*. Glen B. Gainer, III, West Virginia State Auditor (the "Auditor") objects to the sale based upon the [*2] proposed sale price, and the Auditor contends that the sale cannot be free and clear of his lien under *§ 363(f)(5)*.

**I. BACKGROUND**

On September 3, 2013, the Trustee filed a Motion to Sell Real Estate by Auction Free and Clear of All Liens and Encumbrances Pursuant to *11 U.S.C. § 363(f)*, which he subsequently amended on September 13, 2013 ("Motion to Sell"). By his Motion to Sell, the Trustee seeks to sell, among other real property of the Estate, the Debtor's interest in the following: 83.87 surface acres and 466 acres of minerals in Mineral County, WV; and 335 acres of minerals in Grant County, WV (collectively, the "West Virginia property"). On September 16, 2013, the court ordered that it would consider objections to the Motion to Sell on October 16, 2013, as part of its regularly-scheduled Martinsburg docket. In the absence of written objections to the sale procedures, however, the court authorized the sale by auction and ordered that a hearing be held on November 14, 2013, to consider approval of the auction results. Notably, the Auditor was not served with nor received notice of either the Motion to Sell or the court's September 16 order. On November 14, 2013, the court held an [*3] evidentiary hearing, at which the Auditor appeared, to consider approval of, among other things, the auction of the West Virginia property, which the Trustee proposes to sell to William McIntyre for $190,000.00.[1] Pursuant to terms of the order granting

---

[1] Just before the court convened the hearing on November 14, 2013, the Trustee notified the Auditor [*4] of the hearing via

the Motion to Sell, the Trustee allocated Mr. McIntyre's $190,000.00 winning bid for the West Virginia property among the three parcels as follows: $107,716.54 for the 83.87 surface acres in Mineral County; $44,881.89 for the 466 acres of minerals in Mineral County; and $37,401.57 for the 335 acres of minerals in Grant County. By order dated December 11, 2013, the court approved the auction of the Estate's interest in two other bundles of real property, excluding the West Virginia property. Because the Trustee did not serve his Motion to Sell upon the Auditor, and because the Auditor did not have notice of the Motion to Sell or the court's September 16 order, the court continued its consideration of the Motion to Sell regarding the West Virginia property to allow the Auditor to consider the Motion to Sell and whether he objected thereto.

On December 5, 2013, the Auditor filed his written opposition to the proposed sale of the West Virginia property based primarily upon his contention that the sale price was inadequate; lack of notice was not raised as an objectionable ground. On December 10, 2013, by telephone, the court reconvened the hearing regarding the Trustee's proposed sale of the West Virginia property. After hearing from the Trustee and Auditor, the court found, for the reasons fully stated on the record, that the Trustee's marketing activity and the sale by auction adequately tested and established the fair market value of the property despite the Auditor's objection, and thus overruled his objection as to the sale price, and thus, in effect, approved the sale as meeting the criteria under § 363(b) of the Bankruptcy Code.² The issue remains, however, whether the court can approve the proposed sale free and clear of liens, including those of the Auditor, under 11 U.S.C. § 363(f). The court gave the parties until mid-January 2014 to supplement the record regarding the issue with briefing. The matter is now ripe for disposition.

---

telephone.

² HN1[↑] Generally, a determination whether a trustee should [*5] be permitted to sell property of the estate under § 363(b) is separate and apart from a determination whether such a proposed sale can be free and clear of liens under § 363(f)(5). See WBQ P'ship v. Virginia Dep't. Of Medical Assistance Servs. (In re WBQ P'ship), 189 B.R. 97, 104-05 (Bankr. E.D.Va. 1995) ("Having found that the sale is permissible under § 363(b), we next consider whether the sale may be accomplished free and clear of 'any interest,' as provided by 11 U.S.C. § 363(f).). Here, however, the court's authorization of the sale under § 363(b) may be ineffective if the proposed purchaser cannot obtain the property free and clear of liens and interests.

## II. DISCUSSION

The Trustee contends that the current dispute affects only the sale of the 466 acres of minerals in Mineral County because he sold the other two parcels for an amount sufficient, based upon his allocation of Mr. McIntyre's bid, to pay in full the Auditor's respective liens on those parcels.³ Regarding the 466 acres of minerals, the Trustee contends that the court can approve the proposed sale free and clear of liens under § 363(f)(5) for two reasons: First, the Sheriff of Mineral County, West Virginia ("Sheriff") [*6] could be compelled under applicable West Virginia law to accept less than the full amount of the tax lien in satisfaction of the lien on the 466 acres of minerals; and second, the Sheriff's lien secured by the 466 acres of minerals could be subject to cramdown under 11 U.S.C. § 1129(b)(2)(A). The Auditor does not dispute the Trustee's general contention that a tax lien may be sold under West Virginia law for an amount less than what is owed on the lien in full satisfaction thereof, but not under the circumstances of this case; relying, among other things, on the Fourth Circuit's per curiam opinion in *Richardson v. Pitt County (In re Stroud Wholesale, Inc.), 983 F.2d 1057 (4th Cir. 1986)*(per curiam), that Congress did not intend for § 363(f)(5) to be read so broadly because such an interpretation would vitiate the other four paragraphs of § 363. In that regard, the issue posed by the Auditor is whether property can be sold under § 363(f)(5) free and clear of liens and interests when the proposed sale price is insufficient to pay interest holders in full.

HN2[↑] A trustee may sell property of a bankruptcy estate free and clear of liens and interests in certain circumstances. *11 U.S.C. § 363(f)*. Section 363(f)(5) permits a trustee to sell property free and clear of liens and interests if "such [lien or interest holder] could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest." *11 U.S.C. § 363(f)(5)*. Some courts permit a proposed sale to be free and clear of liens and interests under § 363(f)(5) only if the lien or interest holder will be paid in full. *Richardson*

---

³ Notably, Mr. McIntyre's successful bid was for the three parcels as a bundle. For the sale of the bundle to be free and clear of liens, [*7] the court must approve the sale of each parcel free and clear of liens under § 363(f). The Trustee's sale of the two parcels not in dispute here can presumably be free and clear of liens under § 363(f), but it is unclear what impact an adverse ruling regarding the third parcel will have on the proposed sale as a whole.

Case 24-01376-CL7    Filed 06/17/24    Entered 06/17/24 18:18:08    Doc 274    Pg. 9 of 11

Page 5 of 7
2014 Bankr. LEXIS 1265, *7

*v. Pitt County (In re Stroud Wholesale, Inc.) 47 B.R. 999, 1003 (E.D.N.C. 1985)*, aff'd, 983 F.2d 1057 (4th Cir. 1993)(per curiam); *In re Silver, 338 B.R. 277, 282 (Bankr. E.D. Va. 2004)* (agreeing with the analysis in *Stroud*). Other courts — perhaps a majority — permit a sale under § 363(f)(5) if a legal or equitable proceeding [*8] exists, or could be brought, to compel the holder of a lien or interest secured by the property to be sold to accept less than full payment of the debt secured by that lien or interest. *Clear Channel Outdoor, Inc. v. Knupfer (In re PW, LLC), 391 B.R. 25, 42-43 (B.A.P. 9th Cir. 2008)*; *In re CDKP Development, Inc., No. 12-06871-8-RDD, 2012 Bankr. LEXIS 5558, 2012 WL 5993219, at *2 (Bankr. E.D.N.C. Nov. 30, 2012)*; *In re Gulf States Steel, Inc. of Ala., 285 B.R. 497, 508 (Bankr. N.D.Ala. 2002)*; *In re Healthco Intern., Inc., 174 B.R. 174, 176 (Bankr. D.Mass. 1994)*.

This court agrees that HN3[↑] § 363(f)(5) authorizes a sale free and clear of liens and interests when the lien or interest holder could be compelled to accept less than the value of the claim secured by the claim or interest. The court is unpersuaded by the Auditor's argument to the contrary partly because the district court in *Stroud* recognized that, in certain circumstances, "equitable considerations may dictate that creditors receive less than full satisfaction of their interests . . . ." *Stroud, 47 B.R. at 1003*.[4] Additionally, interpreting § 363(f)(5) to permit the sale of property free and clear of liens and interests for a price insufficient to pay in [*9] full the amount secured by such lien or interest gives effect to each paragraph of § 363(f). See *In re PW, LLC, 391 B.R. at 43* (citation omitted) ("If full payment were required, § 363(f)(5) would merely mirror § 363(f)(3) and render it superfluous."); *In re Gulf States Steel, Inc. of Ala., 285 B.R. at 508* (citation omitted) (same). However, the court's analysis of § 363(f)(5) hardly ends here.

The district court in *Stroud* was concerned, presumably based upon the trustee's argument in that case, that adopting the trustee's interpretation of § 363(f)(5) would mean that "estate property can be sold free and clear of all liens whenever those lienholders could be compelled to accept monetary compensation, however slight, for their liens." *Stroud, 47 B.R. at 1002*. That court could [*10] "imagine very few situations where a lienholder could not be forced to accept monetary compensation for a lien on estate property." Id. (citation omitted). HN4[↑] This court, however, does not share the same concern espoused in *Stroud* because a trustee can only sell property pursuant to § 363(f)(5) "if the trustee can demonstrate the existence of another legal mechanism by which a lien could be extinguished without full satisfaction of the secured debt." *In re Gulf States Steel, Inc. of Ala., 285 B.R. at 508* (citation omitted). Moreover, this court finds that "the only logical interpretation of . . . § 363(f)(5) is that the statute requires that the trustee or debtor be the party able to compel monetary satisfaction for the interest which is the subject of the sale."[5] *In re Haskell, L.P., 321 B.R. 1, 9 (Bankr. D.Mass. 2005)*; see *In re Smith, No. BR 13-61627-TMR7, 2014 Bankr. LEXIS 779, 2014 WL 738794, at *2 (Bankr. D.Or. Feb. 26, 2014)* (finding that the proposed sale could not be approved under § 363(f)(5) where a state-law foreclosure by the trustee, as a junior lien creditor, would not extinguish the senior lien of Bank of America); *Mancuso v. The Meadowbrook Mall Co. (In re Rest. Assocs., L.L.C.), No. 1:06CV53, 2007 U.S. Dist. LEXIS 23308, 2007 WL 951849, at *10 (N.D.W. Va. Mar. 28, 2007)* [*11] (remanding to the bankruptcy court to determine whether the character of the subject property had changed sufficiently so that the trustee could have sold it free and clear of use covenants under § 363(f)(5)); but see *In re Jolan, 403 B.R. 866, 869-70 (Bankr. W.D. Wash. 2009)* (finding that state-law proceedings whereby an entity other than the debtor or trustee may compel a lienholder to accept a money satisfaction for an amount less than what is owed to the lienholder qualify as a "legal or equitable proceeding" under § 363(f)(5)). In effect, "this view leads to a relatively small role for paragraph (5) . . . . HN5[↑] Paragraph (5) remains one of five different justifications for selling free and clear of interests, and its scope need not be expansive . . . . So long as its breadth complements the other four paragraphs . . . our narrow view is justified." *In re PW, LLC, 391 B.R. at 43*. Therefore, pursuant to § 363(f)(5), the "legal or equitable proceeding" offered by the sale proponent

---

[4] Notably, the Fourth Circuit's affirmation of the district court in *Stroud* is unpublished. Because the Fourth Circuit generally disfavors citation to its unpublished dispositions issued before January 1, 2007, except for the purpose of establishing res judicata, estoppel, or the law of the case, this court likewise finds the Fourth Circuit's affirmation in *Stroud* to have no precedential, and little persuasive, value.

[5] HN6[↑] The term "interest" under § 363(f)(5) includes a lien. See *In re PW, LLC, 391 B.R. at 41-42* (citations omitted) (finding that Congress intended the term "interest" to include a lien based upon, among other things, its definition of "lien" in the Bankruptcy Code as a "charge against or interest [*13] in property").

should be one that is specifically identified; that actually could be brought by the debtor or trustee against the holder of the interest from which the sale seeks [*12] to be free; and that plausibly could provide the postulated relief.[6] In that regard, the burden is on the sale proponent to demonstrate "that one of the provisions of § 363(f)(1)-(5) is applicable to each lien or interest from which the sale if to be free and clear." In re Daufuskie Island Properties, LLC, 431 B.R. 626, 637 (Bankr. D.S.C. 2010). Consequently, the sale proponent must identify in its motion a legal or equitable proceeding that satisfies the standard articulated above. And an objecting party must specifically identify an impediment to the proposed relief — some way in which the sale proponent could not achieve its desired goal through the "legal or equitable proceeding" proposed. In the event that an objecting party identifies such an impediment, the sale proponent has the ultimate burden, which may involve factual determinations as well as legal standards to be applied by the court.

Here, the Trustee first asserts that provisions of Chapter 11A of the West Virginia Code support his contention that tax liens may be sold under West Virginia law for an amount less than the face value of the tax lien in full satisfaction thereof; the Auditor concedes as much. Under the provisions of Chapter 11A of the West Virginia Code, however, it is not the Debtor or Trustee that can compel such a result.[7] The Trustee points to no provision at state law that provides a mechanism by which he or the Debtor can extinguish the tax lien on any of the West Virginia property with a monetary satisfaction that is less than the full amount of the lien. The court thus finds that the provisions and procedures postulated by the Trustee under Chapter 11A of the West Virginia Code do not establish [*14] a "legal or equitable proceeding" under § 363(f)(5).[8]

The Trustee asserts alternatively that the court can approve the proposed sale of the 466 acres of minerals in Mineral County free and clear of liens and interests under § 363(f)(5) because he would be able to "cramdown" the Auditor's claim under § 1129(b)(2)(A) of the Bankruptcy Code.[9] In that regard, the court has been provided with little analysis by the parties regarding the application of "cramdown" to the situation at hand. The Trustee's argument in that regard is simply a one-sentence summary statement followed by a string citation to cases purportedly allowing the use of "cramdown" in connection with § 363(f)(5). Nonetheless, the Trustee does allege that "cramdown" under § 1129(b)(2)(A) is a "legal or equitable proceeding" by which he can force the Auditor to accept a money

---

[6] For example, a Chapter 11 debtor-in-possession or trustee cannot employ § 363(f)(5) to sell property free and clear of a lien or interest that otherwise cannot be satisfied with money. See WBQ P'ship, 189 B.R. at 106 (citation omitted) (collecting cases supporting the proposition that money damages are an inadequate remedy for adjacent landowners seeking to enforce a restrictive covenant).

[7] Notably, the court is unable, based upon its review of the record in this case and various sections of the West Virginia Code, to determine who holds the tax lien on the 466 acres of minerals located in Mineral County and whether, perhaps, the Sheriff and Auditor may have a unified interest in enforcing the tax liens at issue here. Specifically, HN7[↑] it is clear that the West Virginia Code provides that "[t]here shall be a lien on all real property for the taxes assessed thereon . . . ." W. Va. Code § 11A-1-2. And it is also clear that "[t]he sheriff, as ex officio county treasurer, shall collect all taxes levied in his county." W. Va. Code § 11A-1-4. But "[a]ll taxes collected for the State shall be paid into the state treasury by the sheriff . . . ." W. Va. Code § 11A-1-14. Moreover, if nobody present at a sheriff's sale of a tax lien bids the amount of taxes, interest, and charges due on the subject real property, "the sheriff shall certify the real estate to the Auditor for disposition pursuant to

[W. Va. Code § 11A-3-44]." Thus, it is unclear whether the sheriffs of West Virginia simply act as tax collectors or if they are the entities [*15] to whom taxes are actually due. In any event, the court need not resolve this issue based upon its reasoning that the Debtor or Trustee must be the entity to compel the lien holder to release its lien for less than full satisfaction of the amount thereof.

[8] In In re Leckie Smokeless Coal Co., 99 F.3d 573 (4th Cir. 1996), the Fourth Circuit affirmed, in a consolidated appeal, the decisions by the District Courts for the Southern District of West Virginia overruling objections to proposed sales under § 363(f) free and clear of interests (successor liabilities arising under the Coal Industry Retiree Health Benefit Act of 1992) other than a lien. In disposing of the consolidated appeal, the Fourth Circuit affirmed the district court's decision in **In re Lady H Coal Co., Inc., 199 B.R. 595 (S.D.W. Va. 1996)**, which adopted the bankruptcy court's recommended finding that the interests at stake fell within § 363(f)(5). Leckie Smokeless is not apposite in this case, however, because the interests underlying bankruptcy court's analysis involved unsecured "interests" in the property proposed to be sold. In the case before this court, it is a secured creditor objecting to the sale being approved [*16] as free and clear under § 363(f)(5).

[9] This is an issue over which courts are divided. See In re PW, LLC, 391 B.R. at 46 (disagreeing with those courts that have found "cramdown" under § 1129(b)(2) to be a "legal or equitable proceeding" contemplated by § 363(f)(5)).

satisfaction of its lien for less than the full amount owed thereon and his assertion appears plausible. On the other hand, the Auditor does not offer any contrary authority in that regard or provide any reasons indicating the unavailability of "cramdown" under the circumstances of this case. His brief in response to the Trustee's supplemental memorandum in that regard [*17] is simply silent on the application of "cramdown."

### III. CONCLUSION

Based upon the court's analysis and the absence of an articulated reason by the Auditor suggesting the unavailability of the Trustee's use of "cramdown" as a "legal or equitable proceeding" under § 363(f)(5), the court will approve the proposed sale of the Estate's interest in 466 acres of minerals in Mineral County, WV free and clear of liens under 11 U.S.C. § 363(f)(5). The court will thus enter a separate order consistent with this memorandum opinion overruling, in part, the Auditor's objection to, and granting, the Trustee's Motion to Sell.

/s/ Patrick M. Flatley

Patrick M. Flatley

United States Bankruptcy Judge

**Dated: Tuesday, April 01, 2014 5:31:19 PM**

### ORDER

Consistent with the memorandum opinion entered contemporaneously herewith, the court does hereby

**ORDER** that the Trustee's Motion to Sell (Doc. No. 440), filed September 3, 2013, and as amended on September 13, 2013 (Doc. No. 456) is GRANTED insofar as he seeks authority to sell the West Virginia property. The court will enter **[*18]** a separate order, to be tendered by the Trustree, approving the sale.

/s/ Patrick M. Flatley

Patrick M. Flatley

United States Bankruptcy Judge

**Dated: Tuesday, April 01, 2014**

---

End of Document