MAGGIE E. SCHROEDTER, ESQ. (Bar No. 270377)
maggie@theRSfirm.com
CHRISTINE M. FITZGERALD, ESQ. (Bar No. 259014)
christine@theRSfirm.com
ROBBERSON SCHROEDTER LLP
501 West Broadway, Suite 1250
San Diego, CA 92101
(619) 353-5691

Attorneys for Creditor,
CHRISTOPHER WITT

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF CALIFORNIA

In re

PIRCH, INC.,

        Debtor.

Case No.: 24-01376-CL7

Chapter 7

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF CHRISTOPHER WITT TO THE TRUSTEE'S MOTION TO (1) APPROVE AUCTION PROCEDURES; AND (2) SELL PERSONAL PROPERTY PURSUANT TO 11 U.S.C. 363, FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS**

JUDGE: Hon. Christopher B. Latham
DEPT.: 1
ROOM: 218

Creditor Christopher Witt ("Creditor") hereby submits the following Limited Objection and Reservation of Rights to the Trustee's Motion To (1) Approve Auction Procedures; and (2) Sell Personal Property Pursuant To 11 U.S.C. 363, Free And Clear of Liens, Claims, and Interests [Doc. No. 90] ("Sale Motion").

Creditor does not object to the Trustee's efforts to liquidate Debtor's inventory and other personal property on the terms most favorable to the estate, based specifically on her express assurances in the Sale Motion that (a) all proceeds of the asset sale will be deposited into a segregated account; (b) the asset sale will be

1

CASE NO.: 24-01376-CL7

without prejudice to the competing claims and interests in the property to be sold that have been asserted by various creditors; (c) that these competing claims and interests will be fully preserved, notwithstanding completion of the sale, and will attach to the proceeds of the sale with the same validity, scope and priority that they currently possess; and (d) that all disputes with respect to competing claims and interests in the property will be addressed and decided after the asset sale is completed, with the outcome of those disputes then to apply to the sale proceeds. (See Doc. No. 90 at 2, 19.)

Creditor purchased certain products from Debtor and paid for those in full. Subsequently, Debtor informed him that these specific products were delivered to and being held at Debtor's warehouse. Under California law, this property belongs to Creditor as Debtor was only acting as a bailee of the property. See *Maulding v. U S,* 257 F.2d 56, 61–62 (9th Cir. 1958); 11 U.S.C. § 541.

Accordingly, Creditor hereby expressly reserves, all of his existing rights and interests with respect to the Debtor's inventory, including reserving his rights associated with his claims of ownership of specific products and his claims to the right to receive the proceeds of liquidation of sale of those products.

DATED: June 17, 2024   ROBBERSON SCHROEDTER LLP

By: */s/Christine M. Fitzgerald*

MAGGIE E. SCHROEDTER, ESQ.
CHRISTINE M. FITZGERALD, ESQ.
Attorneys for Creditor
CHRISTOPHER WITT

2

CASE NO.: 24-01376-CL7