Leslie T. Gladstone, Esq.  (SBN 144615)
Hilda M. Montes de Oca, Esq.  (SBN 287605)
FINANCIAL LAW GROUP
5656 La Jolla Blvd.
La Jolla, CA 92037
Telephone:  (858) 454-9887
Facsimile:  (858) 454-9596
E-mail:  hildam@flgsd.com

Attorneys for Leslie T. Gladstone, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| In re: | Case No.:  24-01376-CL7 |
|---|---|
| Pirch, Inc., | ***EX PARTE* APPLICATION TO ESTABLISH CHAPTER 7 WAGE AND EMPLOYEE BENEFITS PRIORITY CLAIMS BAR DATE** |
| Debtor. | |
| | [No hearing required] |
| | Dept: One (1) Honorable Christopher B. Latham |

Leslie T. Gladstone, the chapter 7 trustee ("**Trustee**") in this bankruptcy case submits this *Ex Parte* Application to Establish a Chapter 7 Wage and Employee Benefits Priority Claims Bar Date.  This Application is based on the Declaration of Leslie T. Gladstone, filed concurrently herewith, and the record before the Court.[1]

_____

[1] Trustee respectfully requests, pursuant to Rule 201 of the Federal Rules of Evidence, made applicable herein by Rule 9017 of the Federal Rules of Bankruptcy Procedure, that the Court take judicial notice of the case docket for the above-captioned case and each of the pleadings and other documents on file in the case.

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

## STATEMENT OF FACTS

On April 19, 2024, Pirch, Inc. ("**Pirch**") filed a chapter 7 bankruptcy petition.  On April 22, 2024, Leslie T. Gladstone (the "**Trustee**") was appointed as chapter 7 trustee of the bankruptcy estate in Pirch's case (the "**Pirch Estate**").

## RELIEF REQUESTED

The Trustee intends to file a Notice of Intent to Pay Certain Priority Claims.  In order to properly identify and pay priority claims in the required priority sequence under 11 U.S.C. § 507(a), Trustee respectfully requests the establishment of a chapter 7 wage and employee benefits priority claims bar date of September 30, 2025, requiring by that date the following occur:

Former employees of Pirch who believe they may be entitled to a priority claim under § 507(a)(4) either for wages, vacation pay, employee benefits plans, any alleged entitlement under the WARN Act, or any other entitlement ("**Employee Claimant**"), and who have not already filed a proof of claim, must file a proof of claim by September 30, 2025.  If a proof of claim is not filed by September 30, 2025, then said employees will be prohibited from asserting a priority claim under § 507(a)(4) and will not be paid as priority claim in Pirch's chapter 7 case.

Former employee benefits plan claim holders who believe they may be entitled to a priority claim under § 507(a)(5) ("**Employee Benefit Plan Claimant**"), and who have not already filed a proof of claim, must file a proof of claim by September 30, 2025.  If a proof of claim is not filed by September 30, 2025, then said claimants will be prohibited from asserting a priority claim under § 507(a)(5) and will not be paid as priority claim in Pirch's chapter 7 case.

A copy of the proposed notice of bar date is attached as Exhibit A to the accompanying Declaration of Leslie T. Gladstone and incorporated herein.

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

The schedules and records for the Pirch bankruptcy show that there are many former employees and/or benefit plan administrators who may hold priority claims against the Pirch Estate as an Employee Claimant and/or Employment Benefit Plan Claimant.  Many of these potential creditors were not listed in either the original or amended schedules and have not been receiving notice in this case.

Under § 726(a), the Trustee is required to make distributions to Employee Claimants and Employee Benefit Claimants prior to making distributions to any other priority creditors in § 507 (a)(6), (a)(7), et seq.

The relief requested is necessary because currently Employee Claimants and Employee Benefit Plan Claimants may file a priority claim anytime until the case is closed. Such uncertainty would unduly delay the Trustee from making a distribution to other priority creditors, including many creditors who have household deposit claims under § 507(a)(7).

For the reasons explained above, the Court's assistance with setting a priority claims bar date is warranted.

## CONCLUSION

WHEREFORE, Trustee requests that the Application be granted.  Trustee also requests such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated:  August 15, 2025          FINANCIAL LAW GROUP


By:   /s/ Hilda M. Montes de Oca
Hilda M. Montes de Oca, Esq.
Attorneys for Leslie T. Gladstone,
Trustee

IN RE PIRCH, INC.                    3          EX PARTE APPLICATION TO ESTABLISH CHAPTER 7
CASE NO. 24-01376-CL7                            WAGE AND BENEFITS PRIORITY CLAIMS BAR DATE